### G. P. PUTNAM'S SONS *vs.* GEORGE R. MACLEOD.

PROVIDENCE—DECEMBER 4, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Evidence. Depositions. Motions.*

A motion for the issuance of a commission to take depositions is one that can be made and granted *ex parte* under Gen. Laws cap. 241, § 1. Hence depositions taken pursuant to Gen. Laws cap. 244, where the defendant had ample notice of the time and place appointed for the taking thereof, are properly used in evidence under Gen. Laws cap. 244 § 27, although no notice was given the defendant of the original motion for the issuance of the commission.

(2) *Trover.*

Where a party has subscribed for a set of books under an agreement that title to the books shall remain in the seller until they are all paid for, he is guilty of conversion if he sell any one of the books before receiving and paying for the entire number subscribed for.

Where a party has exercised dominion over property in exclusion of the plaintiff's right, although he may not have sold it, such wrongful act alone constitutes a conversion, and no prior demand is essential to the maintenance of an action.

(3) *Contracts. Varying Written Agreements by Parol.*

A principal is not bound by a parol agreement made with his agent by a party who has entered into a written agreement with the principal through such agent, where the parol modification never came to the knowledge of the principal.

(4) *New Trial. Newly-discovered Evidence.*

Transactions which have taken place since the trial of a case will not entitle a party to a new trial on the ground of newly-discovered evidence.

(5) *Executions. Satisfaction. Settlement.*

Where a settlement has been effected by the parties subsequent to the trial, such fact may be shown by a defendant either by application for relief by motion, upon notice to the adverse party, or by a bill in equity to enjoin the plaintiff from proceeding.

TROVER. The facts are stated in the opinion. Heard on petition of defendant for a new trial, and petition denied.

TILLINGHAST, J. The first ground of the defendant's petition for a new trial is that the verdict was against the evidence.

Upon a careful examination of the evidence presented in the record, we do not find that this ground is well taken. (1) The second ground relied on by the defendant is that the court erred in admitting the deposition of Edward C. S. Tanner to be used as evidence in the case. The ground of the defendant's objection to the admission of said deposition was that no notice was given to him of the plaintiffs' motion for the issuance of the commission under which the deposition was taken, and hence that the court had no jurisdiction to issue such commission. The defendant's contention as to the necessity of notice of said motion is based upon Gen. Laws R. I. cap. 241, § 1, which is as follows:

"All motions shall be in writing and, excepting *ex parte* motions, shall be filed at least sixty hours, exclusive of Sundays and legal holidays, before being called for hearing; and, excepting *ex parte* motions, notice in writing shall be served upon the attorney or solicitor of record of the opposite side, or, if there be no such attorney or solicitor of record, upon the adverse party, at least forty-eight hours, exclusive of Sundays and legal holidays, before being called for hearing, unless a different time for such filing and service be fixed *ex parte* by a justice of the division."

We do not think the defendant's contention as to the necessity of notice under said statute is well founded, but that

the motion in question was one which could be properly made and granted under said statute *ex parte*, and hence that said deposition was properly ruled admissible in evidence. So long as no deposition can be taken without proper and reasonable notice of the time and place of such taking being first given to the opposite party by the magistrate authorized to take the same, we see no sufficient ground upon which such party is also entitled to notice of a motion for the appointment of a commissioner to take the deposition, such a motion being always granted as a matter of course. The well-nigh uniform practice of the court since the passage of said statute has been to grant motions like the one in question without first giving notice to the opposite party; and we think the practical construction thus put upon the statute is the correct one.

Under section 24 of chapter 244, depositions may be taken without this State to be used in the tribunals of this State, upon an order obtained on motion from the court in which the case is pending, provided the party causing such depositions to be taken shall notify the adverse party or his attorney of record of the time and place appointed for taking the same a reasonable time before the taking thereof. And under sections 20 and 21 of the same chapter it is the right of either party to any civil suit, action, petition, or proceeding, excepting suits in equity, to take the depositions of such witnesses as he shall see fit, to be used in the trial of the case, and no motion or order of the court is required as a condition of such taking. All that the party desiring to take depositions within the State has to do is to obtain a citation from a magistrate—which citation is granted without any notice to the other party—and serve the same upon the opposite party, thereby giving him notice of the time and place fixed by the magistrate for the taking of such depositions. And we fail to see any sufficient reason why a commission to take testimony out of the State may not also properly be issued without any notice to the opposite party. If the defendant's contention were correct, it would be necessary to notify all respondents in divorce cases, whether con-

tested or uncontested, of motions for commissions to take testimony out of the State to be used in the trial of such cases. Such notice, however, has never been considered necessary either by court or counsel, and the uniform practice has been to grant all such motions *ex parte,* and as matter of right.

We therefore decide that as said deposition was taken pursuant to said chapter 244, and as it appears that the defendant had ample notice of the time and place appointed for the taking thereof and did not appear, it was properly used in evidence under section 27 thereof, and hence the ruling now complained of was correct. .

(2)    The third ground of the defendant's petition is that the justice presiding erred in refusing to charge the jury as follows :

First.    "Unless the jury find that the defendant sold these books to Tanner, their verdict must be for the defendant, there being no proper evidence of a fulfillment on the part of the plaintiff of his contract in offering to send on the remaining eighteen volumes due on the contract."

The court granted the first part of this request, and refused the last part thereof with the following explanation :

"This part of the request is refused.    It would be possible for a person to convert one volume at a time as they were sent ; and if the plaintiffs had a title in twenty-four volumes, and the defendant had converted this twenty-four volumes, they could bring their suit for the twenty-four that were converted even though the other sixteen had never been converted by the defendant."

We find no error in this refusal. If the defendant sold any one of the books in question before receiving and paying for the entire number subscribed for, such act, in view of the agreement that the title to all of the books should remain in the plaintiffs until they were all paid for, clearly amounted to a conversion. *Donahue* v. *Shippee,* 15 R. I. 453 ; *Fifth Nat'l Bank* v. *Warehouse Co.,* 17 R. I. p. 118 ; *Claflin* v. *Gurney,* 17 R. I. p. 187.

Second.    "If the jury find that the books were not sold by

MacLeod to Tanner, then their verdict must be for the defend-ant, there being no proper demand." This request was re-fused.

Whether the demand shown in evidence was or was not sufficient we are not called upon to decide; for, as the un-disputed evidence shows that the defendant exercised domin-ion over the books in question in exclusion of the plaintiffs' right thereto, such wrongful act alone, under the authorities. above cited, constituted a conversion of said books by the defendant, even though he did not sell them to Tanner, and hence no demand was necessary.

(3)     Third.     "If the jury find that an agreement such as the defendant testifies to was entered into between himself and the agent of the company, it makes no difference whether the company knew it or not, as there was no authorized delivery of the contract and no meeting of minds." This request was refused, and the court said in relation thereto that "If a man allows his signature to go from him into the world relying upon some tacit understanding between himself and another person, he is bound by what he has allowed to be done, for this reason : If it was through his negligence that his signature went from his office, or departed from him, and if others are deceived by it, he is bound, and it is proper he should be the loser in such case. That is to say, if, in this particular case, the defendant did put his name upon that paper, were they deceived? And if the modification never came to the knowledge of the plaintiffs in the case, but was kept from them by Tanner, in such case the defendant is the person who should suffer, because it was through his negli-gence that his signature was permitted to go out of his office without having written, in the instrument, or in some way provided that the contract should not affect him injuriously."

The ruling of the court in refusing this last request to charge, and the reasons given therefor, were so clearly right that it would be mere supererogation to add anything thereto. We therefore simply sustain the ruling.

(4)     The fourth ground relied on by defendant in his petition for a new trial is :     "That owing to the discovery of new evi-

dence not obtainable at the trial of said case, facts have been brought to light that might result in a verdict for the defendant." The affidavits presented in support of this branch of the petition show that the evidence relied on consists solely of transactions which have taken place since the trial of the case, tending to show a compromise and settlement of the matter in litigation. This is not newly-discovered evidence, and constitutes no ground for a new trial. If, as claimed by the defendant, a settlement has in fact been effected by the parties since the trial, the defendant would probably be allowed to show this fact in the Common Pleas Division as a reason why judgment should not be entered on the verdict.

(5)    Under the common law applicable to such a state of affairs, the defendant would be entitled to a writ of *audita querela,* the peculiar office of which writ is to give relief against the consequences of a judgment on account of some matter of defence or discharge which has arisen since its rendition and which could not be taken advantage of otherwise. *Lovejoy* v. *Webber,* 10 Mass. 103 ; 3 Ency. Pl. & Pr. 113 ; Wharton's Law Lexicon, p. 74. But this writ has been practically superseded in the United States, excepting, perhaps, in Massachusetts and Vermont, by the more summary method of application for relief by motion upon notice to the adverse party. 3 Ency. Pl. & Pr. 125. The same object may also be accomplished, upon a proper showing, by a bill in equity to enjoin a party plaintiff from taking any further proceedings in a given case.

Petition for new trial denied, and case remanded for further proceedings.

*Washington R. Prescott,* for plaintiff.

*Dennis J. Holland, Richard E. Lyman, and George R. MacLeod,* for defendant.