## JONES et al. v. SITTERLY.

No. 30303.   Dec. 23, 1941.

*120 P. 2d 341.*

Chas. R. Nesbitt, of Tulsa, for plaintiffs in error.

C. R. Thurlwell, of Tulsa, for defendant in error.

CORN, V. C. J.   This is an action to quiet title to some vacant lots, where the basis of the plaintiff's title is a resale tax deed. Judgment was rendered for the plaintiff, and the defendants brought this appeal.

The sole question presented on appeal is the contention of the appellant that the plaintiff's deed is champertous by reason of the alleged fact that the plaintiff's grantor, the grantee in the resale tax deed, was not in possession of the lots at the time of the making of the deed.

The record reflects that a Mr. Ballenger purchased the lots in question at a resale April 17, 1939, for Mrs. Sitterly with her money; that he took title in his name, took possession of the lots as her agent, removed trees thereupon and cut the weeds and grass on the lots. December 6, 1939, he deeded the lots to Mrs. Sitterly.

The defense is foreclosed by the holding of this court in the case of Webb v. Ketcham et al., 157 Okla. 294, 12 P. 2d 191, wherein it is stated in paragraph 2 of the syllabus, as follows:

"Such a purchaser is entitled to possess himself of the land by court action, and the deed from the county to his immediate grantor, who purchased for him, is not champertous, even though his grantor had never been in possession of the land, the procedure being a part of the tax collecting machinery of the state."

The judgment is affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.