CHEW v. FOUTS et al.

No. 30745. Jan. 5, 1943.

*132 P. 2d 949.*

Edward M. Box, of Oklahoma City, for plaintiff in error.

Brown Moore and Guy Horton, both of Stillwater, for defendants in error.

PER CURIAM. This action was instituted by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, and another not here involved, to quiet title to certain lands in Logan county.

In their petition the plaintiffs alleged, in substance, that they were the owners and in possession of certain described lands which they had acquired by warranty deed from one Mary E. Chew, a widow; that the deed in question had been executed and delivered on December 30, 1935, and duly recorded on November 27, 1936; that the grantor in said deed reserved a life estate in the lands conveyed, and that said grantor departed this life on November 3, 1939, thus terminating her said life estate; that the defendants were claiming some interest in and to said lands adverse to the claims of the plaintiffs; and concluded with a prayer that the title of plaintiffs be quieted against any and all claims of defendants. The defendant Leonard Chew, by separate answer and cross-petition, denied the claims of plaintiffs and asserted title in himself

to a half interest in the land as an heir at law of Mary E. Chew, deceased, alleging that the deed of Mary E. Chew was void for lack of mental capacity of the grantor to convey and by reason of fraud and undue influence exercised by the grantee in the procurement of said deed. A trial was had to the court upon the issues thus presented and resulted on January 10, 1941, in a judgment in favor of plaintiffs. The defendant filed a motion for new trial within the statutory period, which was heard and overruled on January 25, 1941. Thereafter, on May 27, 1941, defendant filed a supplemental motion for new trial on the ground of newly discovered evidence. The newly discovered evidence was said to consist in an opinion by a handwriting expert that a deed which had been executed on October 6, 1922, by E. D. Chew in favor of Mary E. Chew was a forgery. Said supplemental motion for new trial was overruled on July 11, 1941, and defendant appeals.

The defendant presents a single contention here, which is that the overruling of his motion for new trial on the ground of newly discovered evidence was an abuse of discretion. In support of the contention so made defendant cites Davis v. First National Bank of Butler, 100 Okla. 190, 229 P. 228. An examination of the cited case will reveal that it is authority for the rule that a motion for new trial upon newly discovered evidence which meets the requirements of the statute (12 O. S. 1941 § 651, subd. 7, and section 654) should be sustained where it appears that the evidence will probably result in a different judgment from the one which was rendered. The motion of defendant wholly failed to meet the requirements of the statute, supra, and alleged no new matter germane to the issue which had been theretofore presented and tried, but presented only an opinion that a deed under which such grantor had acquired and held the land involved for a number of years was a forgery. This was insufficient to meet the requirements of such a motion, and was also an attempt to inject an entirely new issue into the case. As was said in Berry v. Park, 188 Okla. 477, 110 P. 2d 902:

"The 7th subdivision of section 398, O. S. 1931, 12 Okla. St. Ann. § 651, permits a new trial for newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. Section 401, O. S. 1931, 12 Okla. St. Ann. § 654, requires that ground to be sustained by affidavit showing its truth. This requirement is not satisfied by an allegation that due diligence has been used; the affidavit must consist of material facts, not conclusions or argumentative matter. Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090. A mere assertion that all reasonable diligence was used is insufficient. Twine v. Kilgore, 3 Okla. 640, 39 P. 388; Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909; McCants v. Thompson, 27 Okla. 706, 115 P. 600; Flersheim Merc. Co. v. Gillespie, 14 Okla. 143, 77 P. 183."

The record before us shows that the trial court heard the defendant fully on his motion and was satisfied that the same was lacking in form and substance.

The granting or refusal of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court, and where no abuse of such discretion is shown, this court will not disturb the ruling of the trial court thereon. See Belford v. Allen, 183 Okla. 256, 80 P. 2d 671. No abuse of discretion has been shown in the record before us.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.