## DIERKS LUMBER & COAL CO. v. WILLIAMS.

No. 29692. Feb. 16, 1943.

*134 P. 2d 140.*

McPherren & Maurer, of Oklahoma City, Tom Finney, of Idabel, and Chas. E. McPherren, of Oklahoma City, for plaintiff in error.

F. L. Welch, of Antlers, for defendant in error.

GIBSON, V. C. J. This is an action in trespass for cutting and removing timber from plaintiff's land. Judgment was for plaintiff, and defendant appeals.

Plaintiff's right to recover depended upon the duration of a written timber contract entered into between the parties. The allegations of the petition were that the actual agreement was that the contract extended for a period of five years; that defendant's entry upon the premises and the removal of the timber took place subsequent to the expiration of said term; that the contract, as it appeared of record, provided for a term of ten years, but if it actually provided for such a term at the time of the execution thereof, plaintiff was induced to sign the same by the false representations of defendant's agent that the term therein provided was five years, or, in the alternative, if the contract actually provided for a five-year term as represented by said agent, then the same was altered without plaintiff's consent by changing the term as therein provided from five years to ten.

All issues relating to the value of the timber removed and the time of its removal were settled by stipulation, leaving for determination the sole question whether the contract was for a term of five years or ten, depending wholly upon whether the plaintiff was induced by false representations to sign a contract containing provision contrary to his agreement, or whether the contract was materially altered in the manner alleged.

The larger portion of defendant's brief is devoted to the proposition that the action is one of purely equitable cognizance to cancel a written contract, and to related procedural matters aris-

ing on the trial and review in such case, such as the statutory duty of the party seeking rescission to tender to defendant everything of value received under the contract (15 O. S. 1941 § 235), the function of the jury, and the manner of weighing the evidence on review.

But the action was one at law for the recovery of money, not one in equity to cancel a written contract. The object was to recover damages for entry upon premises and the removal of timber therefrom without legal right. The controlling issue of law was whether a contract theretofore executed granting such right had expired prior to the entry and removal. And that issue depended wholly upon whether as a matter of fact the defendant was guilty of fraud in connection with the term of the contract as charged by plaintiff. Plaintiff was not interested in canceling the contract. When defendant produced the contract showing a term of ten years the burden was on plaintiff to show that the actual agreement was for a term of only five years and therefore had expired when the timber was removed. In order to sustain that burden plaintiff was compelled to prove the alleged fraud of defendant in misrepresenting the term expressed in the contract, or its alteration thereafter.

Defendant says the evidence on the issue of fraud was wholly insufficient to support a verdict or finding of fraud, and that the trial court erred in refusing its request for a peremptory instruction.

The evidence showed that plaintiff was a Choctaw, aged 62. He could write his own name, but was almost wholly unable to read. The evidence as to his ability to read was not clear. According to his own testimony he examined the contract at the time he signed it, and it provided for a five-year term.

Plaintiff's brother, who signed as a witness, testified in behalf of plaintiff that he read part of the contract and that it provided for a five-year term.

This evidence clearly removed from further consideration the issue of misrepresentation on the part of defendant's agent concerning the term of the contract. Plaintiff's positive statement that he examined the contract and found that it provided for a term of five years would constitute an abandonment of that issue.

The only question remaining was whether the instrument was altered after its execution and delivery.

The contract was on a printed form prepared by defendant. As printed, it provided for a term of five years. But at some uncertain time the word "five" had been crossed out and the word "ten" inserted, thus making the term ten years instead of five. Plaintiff says the alteration was made subsequent to delivery of the contract without his knowledge or consent. Defendant says the alteration was made before the contract was signed and delivered. This was supported by highly credible evidence on defendant's part.

The issue of fact whether the alteration took place before or after the execution of the contract was not placed squarely before the jury. Instead, the court submitted the following interrogatory:

"Was the contract in this case for the removal of the timber within a period of five years from its date, or within a period of ten years?"

This special interrogatory was accompanied by the usual instructions concerning the burden of proof and the function of the jury in weighing the evidence, etc., but there was no further instruction on the issue.

The verdict was as follows:

"The contract was for a period of five years."

The judgment was based entirely on the verdict.

It is not necessary that we discuss the propriety of the special interrogatory as to its form and implications, for defendant agrees that it was prop-

erly submitted to the jury. But we may say here that the function of the jury in such case is to determine whether in fact there was a subsequent alteration, and the nature and extent thereof, not the force and effect of the alteration. Adkins v. Investors Syndicate, 175 Okla. 557, 58 P. 2d 540. The rule is there stated as follows:

"The question as to whether an instrument has been altered is one of fact for the jury; but the materiality of the alteration is a question of law for the court."

Though the special interrogatory and the response thereto were more or less evasive of the factual issue, and resembled somewhat a legal conclusion on the part of the jury, the effect of the verdict was that the contract had been materially altered subsequent to its execution without plaintiff's consent.

Defendant makes no contention that its rights were in any way prejudiced by the interrogatory, thus acknowledging the sufficiency of the evidence to show that the contract was altered as alleged.

However, it is contended that the verdict was not entirely determinative of the case in that defendant had established other defenses which clearly defeated plaintiff's case, and that the court erred in not sustaining its motion for judgment notwithstanding the verdict.

The alleged additional defenses were the failure of plaintiff to tender, as above stated, and laches on plaintiff's part.

But we have already stated that this action was not one to cancel a contract, and that tender was therefore unnecessary.

And laches is an affirmative defense, as is any time limitation, and must be pleaded. 21 C. J. 435-437, § 469. There was no plea of laches.

The court did not err in overruling the motion.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH and ARNOLD, JJ., absent.