## MILES v. PRESSLEY.

No. 31589. Jan. 14, 1947.

*176 P. 2d 473.*

J. S. Severson and Bailey E. Bell, both of Tulsa, for plaintiff in error.

B. C. Franklin, of Tulsa, for defendant in error.

OSBORN, J. Plaintiff, W. F. Miles, on June 9, 1942, brought this action in the district court of Tulsa county against Raymond Pressley and others to recover possession of the south half of lots 1 and 2, block 1, in Gurley addition to the city of Tulsa and to quiet title thereto. All of the defendants except Raymond Pressley defaulted. Raymond Pressley filed an answer and cross-petition alleging ownership of the property and asking that his title thereto be quieted. The trial court found for the defendant, adjudging him to be the owner of the property and quieting his title. Plaintiff appeals.

Plaintiff's evidence tended to prove that on May 6, 1930, a tax deed was is- sued by the county treasurer of Tulsa county to V. H. Day, trustee, which deed was recorded on May 19, 1930, at which time the property was owned by and in possession of defendant, his mother and sister, as heirs of J. S. Pressley, his father; and that there- after, on May 13, 1931, a judgment quieting title in V. H. Day, trustee, against defendant and his co-heirs, was entered in an action brought by V. H. Day, trustee. His evidence showed that V. H. Day's title was held for American Mortgage & Finance Company, and that on June 1, 1931, that company made a written contract to sell the south half of the property to Manuel Bradley, and on September 12, 1932, contracted in writing to sell the north half to Myrtle Parker; and that Manuel Bradley and Myrtle Parker thereafter occupied the property under said contracts. No deeds were ever issued by the American Mortgage & Finance Company under these contracts, but on November 22, 1941, Myrtle Parker quitclaimed to plaintiff all her right, title, and interest in the property, and on January 31, 1942, Jennie Brown Thomas, as the sole and only heir of Manuel Bradley, quit- claimed all her right, title, and interest to plaintiff. The evidence adduced by plaintiff to show that Manual Bradley and Myrtle Parker had paid in full the purchase price for their respective por- tions of the property under the con- tracts was vague and unsatisfactory.

The evidence on the part of defend- ant showed that the property had been owned by defendant's father, who died sometime prior to the issuance of the tax deed to V. H. Day, trustee, and that in 1931, after the judgment in the quiet title action, his mother made a written contract with V. H. Day, trus- tee, whereby she was to pay to Day, for the use and benefit of the American Mortgage & Finance Company, the sum of $20 per month until Day had re- ceived the sum of $300, and that upon such payment being completed Day was to re-deed the property to her. The defendant testified that he had seen this contract, but was unable to find it at

the trial of the case; that the payments had been made in full, and that after said contract was made his mother remained in possession of the property until 1933, at which time she rented the entire property to Manuel Bradley, who subrented the northern part to other parties. The evidence showed that in 1938 defendant obtained a deed to the property from his mother and sisters and entered into possession of the property, claiming under such deed, and by a suit in forcible entry and detainer brought by him as such owner he ousted from the northern part the party then in possession, and thereafter lived in the house upon the north portion of the property. He produced in court tax receipts and homestead exemption claims showing that he had paid taxes on the property from 1931 to 1941, inclusive, and had claimed homestead exemption from 1938 to 1943, inclusive. The evidence showing that he was continuously in possession and claiming to be the owner from 1938 down to the time this action was commenced is undisputed. The testimony of defendant as to the contract between his mother and Day as trustee was corroborated by a witness for plaintiff, a former employee of the American Mortgage & Finance Company, who testified he knew of such contract but thought it had been released. No evidence was produced by plaintiff showing that it had been released, or that full payment had not been made thereunder.

Upon this evidence the trial court held that the deeds under which plaintiff claimed were champertous and void as against the defendant, adjudged the defendant to be the owner of the property as against the claims of plaintiff, and decreed cancellation of the deeds under which plaintiff claimed.

Plaintiff's first contention is that the judgment of the court is not sustained by the evidence and is contrary to law. He contends that his deeds are not champertous for the reason that the tax deed under which American Mortgage & Finance Company claimed ownership was not champertous, although the county had never been in possession of the property, and that he was the remote grantee of the holder of the tax deed. In support of this contention he cites Webb v. Ketcham, 157 Okla. 294, 12 P. 2d 191; Jones v. Sitterly, 190 Okla. 36, 120 P. 2d 341, and Evans v. Terrill, 189 Okla. 577, 118 P. 2d 250. We do not consider these cases applicable in the case at bar. In Webb v. Ketcham, and in Jones v. Sitterly, we held that where the grantee in a tax deed purchased at the tax sale for another, his conveyance to the person for whom such purchase was made was not champertous, although such grantee in the tax deed had never been in possession of the property. This for the reason that the tax deed by the county was a part of the tax procedure of the state, and that the deed from the grantee to the real owner simply passed the naked legal title to the real owner of the property. In Evans v. Terrill, we held that where title to property was vested in the county by a resale tax deed, a county commissioners' deed conveying such title to a third person was not champertous, although the county had never taken possession of the land, for the reason that such deed was a part of the tax procedure of the state.

In the instant case plaintiff was not the grantee of the holder of a tax deed, nor was he the grantee of the county commissioners; the tax deed was not obtained with his money or taken for his benefit, and his only interest in the property was acquired by his conveyances from the persons who contracted with the tax deed holder for the purchase of the property. The rule announced in the cases above cited does not extend to conveyances such as those by which plaintiff claims title.

We cannot agree with the plaintiff that the judgment of the trial court was against the clear weight of the evidence. Plaintiff contends that the trial

court did not give due consideration to the judgment in the quiet title suit whereby the title of V. H. Day, trustee, was quieted against defendant, his mother and the other heirs of J. H. Pressley, deceased. He contends that thereby defendant is estopped to make any claim adverse to plaintiff or his grantors, citing in support of this assertion Perry v. Eagle Coal Co., 170 Ky. 824, 186 S.W. 875. In that case the Supreme Court of Kentucky held that one against whom a judgment quieting the title to land had been rendered could not thereafter by continued occupancy of the premises for 12 years acquire such adverse possession as would make deeds made by the owner champertous. But in the instant case the evidence of defendant, which was evidently believed by the trial court, was that his mother occupied the premises under her repurchase agreement with V. H. Day and that upon the full payment of the consideration therefor, although no deed ever issued from Day or the American Mortgage & Finance Company to his mother, he obtained the deed from his mother and sisters and entered into possession as the sole owner of the property. This was, in effect, the claim of a new title under which he entered into possession, and the same would not be subject to the rule announced in the Kentucky case.

We think the evidence in the case at bar was amply sufficient to justify the conclusion of the trial court that plaintiff's deeds were champertous and void. Davis v. Manhard, 172 Okla. 85, 45 P. 2d 1095.

Plaintiff also contends that the rule announced in Warner v. Wickizer, 61 Okla. 200, 160 P. 885, that where a contract to sell has been made at a time when the grantor is in possession but the deed is issued under said contract when the grantor is not in possession, such deed is not champertous. Since it is not shown that plaintiff had any contract with his grantors at the time they were in possession of the property, that case has no application.

Plaintiff also contends that the trial court erred in admitting incompetent evidence over his objection. The evidence objected to was tax receipts, homestead exemption applications and various bills showing the expenditure of money by the defendant for the improvement of the property. Plaintiff's contention is based upon the proposition that such expenditures, payment of taxes and claims of homestead exemption were made after the title had been quieted in V. H. Day, trustee, as against the defendant and his mother and sisters. But since, as we have stated above, defendant claims under the contract between his mother and V. H. Day, trustee, and a conveyance from his mother to himself, we do not consider plaintiff's objection well taken. We think the admission of such testimony was within the discretion of the trial court.

After the case had been tried the plaintiff filed an affidavit setting out certain newly discovered evidence and asked for a new trial based upon such newly discovered evidence, which request was by the trial court overruled, and this is assigned as error. This newly discovered evidence was such as could only serve to impeach or discredit the defendant's testimony, and such evidence is not ground for a new trial. Green v. Blancett, 179 Okla. 483, 66 P. 2d 911.

**Affirmed.**

HURST, C.J., and BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.