BATES et al. v. WINKLE.

No. 35219. Feb. 17, 1953.

Rehearing Denied March 17, 1953.

*254 P. 2d 361.*

Hudson, Hudson & Wheaton, Tulsa, and Cecil Robertson and C. A. Ambrister, Muskogee, for plaintiffs in error.

J. B. Underwood and Hughey Baker, Tulsa, for defendant in error.

CORN, J. Plaintiff recovered judgment based upon a jury verdict for $20,680.34, as damages for personal injuries sustained in an automobile accident alleged to have resulted from negligence of the individual defendants in operation of their respective motor vehicles.

Based upon the various acts of negligence alleged, plaintiff sought judgment upon three separate causes of action: (1) permanent injuries to her head,

neck, spine and back, and shock to her nervous system resulting in physical incapacity to continue her usual occupation as a paper hanger and interior decorator; as well as pain and anguish therefor; (2) punitive damages for defendants' gross negligence under the circumstances; (3) damages for injury to and loss of use of her automobile.

The issues were made by defendants filing separate answers making general denial of the matters alleged in the petition, except that defendant Perryman admitted driving his automobile upon the highway the night of the accident.

In his opening statement at the trial his attorney confessed negligence on the part of defendant Bates. Defendant Perryman at all times contended there was no evidence of negligence upon his part of sufficient probative value to require submission to the jury.

Plaintiff's evidence was directed to showing the acts of negligence relied upon for recovery, medical testimony to establish the nature and extent of her injuries, her inability to follow her usual occupation of paper hanging, for which she received $25-$30 per day, and the permanent physical incapacity resulting from her injuries. There was testimony that within about a week after the accident she began suffering and thereafter required continuous medical attention and treatment. There was further testimony, corroborative in nature, from individuals who observed her physical condition following the accident, or for whom she had previously done decorating work, to establish her physical incapacity and inability to accept proffered employment following the accident.

After judgment had been entered the defendants filed separate motions for new trial, wherein both relied upon the ground of newly discovered evidence as grounds for the granting of a new trial. To his motion for new trial the defendant Bates attached the affidavits of a man and wife in compliance with the requirements of 12 O.S. 1951 §651.

These affidavits, in substance, set forth that in response to plaintiff's newspaper advertisement seeking employment as a paper hanger they employed plaintiff to do certain work, which she commenced on September 30, 1950. During the course of the work plaintiff stated that she had been in an automobile accident wherein her car had been damaged but she was uninjured; she further told of having completed another decorating job the previous day. Plaintiff papered both walls and ceilings in affiants' home, completed the work by herself, and gave no appearance of suffering from any physical disability while working. In March, 1951, these parties read a newspaper account of plaintiff's recovery of a large judgment against the defendants, and knowing plaintiff had received no injuries, they advised defendants' attorney of the matters covered by the affidavits.

The requirements for granting of a motion for new trial upon the grounds of newly discovered evidence (12 O.S. 1951 §651, subd. 7) are that such evidence:

(1) Must have been discovered since the trial (Douthit v. Scott, 195 Okla. 70, 155 P. 2d 538.)

(2) Could not have been discovered before the trial by exercise of due diligence (Green v. Blancett, 179 Okla. 483, 66 P. 2d 911).

(3) Must be material to the issue (Patteson v. Myers et ux., 183 Okla. 601, 83 P. 2d 846).

(4) Must not be merely cumulative to the former evidence (Foster v. Higginbotham, 186 Okla. 276, 97 P. 2d 63).

(5) Must not be merely to impeach or contradict the former evidence (Miles v. Pressley, 198 Okla. 124, 176 P. 2d 473).

(6) Must be such as will probably change the result in the event a new trial is granted (Chew v. Fouts, 191 Okla. 665, 132 P. 2d 949).

Also, see City of Sapulpa v. Deason, 81 Okla. 51, 196 P. 544. See, generally,

39 Am. Jur., New Trial, §158 et seq. In the same text, §156, it is said:

"* * * The rule to be deduced from the cases is that where newly discovered evidence is of such conclusive nature, or of such decisive or preponderating character, that it would with reasonable certainty have changed the verdict or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the evidence was not discovered and produced at the time of the trial."

And section 165 further states:

"The application for new trial should be granted where it appears that the additional evidence, if it had been introduced at the trial, would have caused the jury to reach a different conclusion, or where its effect would have been to reduce the recovery materially. A new trial is to be granted when the newly discovered evidence is of a conclusive nature or of such a decisive preponderating character as would, with reasonable certainty have changed the verdict or materially reduced or increased the recovery.***"

The rule obtains in this jurisdiction, Salyer Oil Co. v. Miller, 181 Okla. 171, 73 P. 2d 147; Chew v. Fouts, 191 Okla. 665, 132 P. 2d 949; Kennedy v. Chadwell, 193 Okla. 304, 142 P. 2d 979.

Plaintiff sought damages for personal injuries which were claimed to be of a permanent nature. The evidence was conflicting in this respect. Her evidence was that she commenced to suffer from such injuries shortly after the accident, was unable to work and was wholly incapacitated to perform even household duties. The newly discovered evidence offered by defendants was not cumulative, but was of a direct and positive nature, tending to present defendants' theory of the case, to the effect that plaintiff's disability was from a pre-existing condition and was not the result of the accident; and that any injuries were not sufficiently serious to warrant so large a verdict based upon permanent, physical disability. Had a new trial been granted and this evidence presented to the jury, it most probably would have caused the jury to reach a different conclusion or, in any event, would have materially reduced the recovery.

The granting or denial of a motion for new trial is addressed to the *sound legal* discretion of the trial court, and the trial court's action will not be disturbed on appeal unless it clearly appears the court erred in some pure, simple and unmixed question of law, or acted arbitrarily or capriciously. Williams v. Long Bell Lbr. Co., 203 Okla. 250, 219 P. 2d 992. Moreover, we often have pointed out that the "discretion of the trial court" means a *legal discretion* which is to be exercised in discovering the course prescribed by recognized principles of law. Petite v. Davis, 203 Okla. 547, 223 P. 2d 1082. We necessarily conclude that the denial of defendants' motions for new trial upon the ground of newly discovered evidence was an abuse of judicial discretion. Reversed and remanded for new trial.