Garland STATON, Plaintiff In Error,

v.

O. K. SPRINKLER COMPANY, d/b/a Commercial Plumbing & Heating Company, Charles Crawford, E. K. McKissick and F. X. Loeffler, Sr., Trustees of O. K. Sprinkler Co., d/b/a Commercial Plumbing and Heating Company, Defendants in Error.

No. 36032.

Supreme Court of Oklahoma.

Feb. 8, 1955.

Rehearing Denied March 15, 1955.

Charles W. Stubbs, John F. Eberle, Richard J. Spooner, Oklahoma City, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendants in error.

CORN, Justice.

The following statement, revealed by the pleadings and the evidence, sufficiently reflects the matters which present the question decisive of this appeal.

North Harvey Street in Oklahoma City is a heavily traveled, paved, one way street. Travel thereon is confined solely to north bound traffic, such street being wide enough to move vehicular traffic three abreast. About 5 P.M. on November 26, 1951, the plaintiff, accompanied by a lady friend whom she was taking to a doctor's office, was traveling north in the outside (left hand) traffic lane, preparatory to turning left onto northwest 12th street. Traffic was heavy at the time, moving closely together and at a reasonable speed. Nearing the intersection (12th street) plaintiff observed what appeared to be a small bump over which other vehicles were passing. However, as her car reached this point the front wheels fell into, or sunk down into, a ditch in the pavement. The vehicle was brought to an abrupt stop, causing plaintiff to be thrown violently about the interior of the car, as a result of which she allegedly sustained serious, permanent and disabling injuries for which she sought damages. A second cause of action alleged a right of recovery for damages to the automobile.

Shortly prior to the accident defendants had been engaged in installing sewer lines at Wesley Hospital. This work required opening of a ditch approximately 7 feet deep, 3 feet wide, and extending from the west curb eastward across Harvey street. Evidence relative to the length thereof was in conflict, but it may be fairly stated that such ditch extended a distance of between 8 and 20 feet across the traveled portion of the street. Defendants excavated into the street under authority of a permit issued by the City Engineer's office.

Plaintiff charged defendants with negligence in leaving an open hole in a city street; failure to use ordinary care to warn the traveling public of such danger; failure to erect and maintain proper and adequate barricades and signal lights, required by city ordinance, to warn and protect the public from such dangerous condition; failure to comply with a city ordinance specifying the manner and means of filling any excavation in city streets; failure to discharge the duty to use reasonable care to make the street safe for the traveling public.

Defendants answered by general denial, and plead the defenses of contributory negligence and unavoidable casualty. Following the pretrial conference plaintiff was granted leave to amend her petition, and defendants' answer was considered as entered against the amendments to the petition. Plaintiff then replied by general denial of all allegations of the answer.

Plaintiff testified that at the time and place alleged she received the injuries complained of as the result of the front wheels of her automobile falling or sinking into a ditch, which extended across the street, so that the front bumper rested nearly upon the pavement; the front wheels were so deeply imbedded it was impossible to raise the car with an ordinary jack, and it was necessary to call a wrecker to extricate her car; her injuries resulted from being thrown about when the car went into the ditch. The evidence relative to the time, place and manner of the accident, and the condition of the street, was corroborated by the lady who was a passenger in the car.

The general superintendent (Crawford) of the plumbing company testified as plaintiff's witness, that the company cut a ditch at that place approximately 36 inches wide, 7 feet deep and 8 to 10 feet long under a city permit. He was called to the scene shortly after the accident, observed the wheels of the car down in the ditch, talked with plaintiff and also called to see why a wrecker had not arrived after plaintiff had called for one. No warning lights or barricades had been placed there because the work had been completed two days before, the ditch filled in an approved manner

as required by ordinance, and the street returned to the city. The witness also testified as to the proper and accepted manner of back filling a ditch in conformity with the city ordinances, and that this ditch had been filled in the proper manner and the street opened to travel. The weather had been rainy about a day and a half before the accident, and the ditch was pretty muddy.

It was stipulated that records of the City Engineering Department would disclose defendants' work was inspected November 23, 1951, at which time the street was not ready for repair. A city employee (Skrapka), whose duty was to patch and repair pavement, testified he inspected this street November 23, 1951, and found it still under construction. When he returned November 27th defendants' work had been completed and blacktop was laid the following day.

At the close of plaintiff's evidence defendants demurred thereto upon the ground same was insufficient to support a judgment. After hearing argument of counsel thereon the trial court sustained the demurrer, discharged the jury, and entered judgment dismissing plaintiff's cause of action.

Motion for new trial was filed in behalf of plaintiff and, prior to presentation, was amended to present the additional ground that such motion should be granted upon the grounds of newly discovered, material evidence which plaintiff with reasonable dilligence, could not have discovered and produced at the trial. The motion was presented upon plaintiff's affidavit setting forth the substance of the newly discovered evidence, and in other respects conformed to the requirements laid upon such motions. See 12 O.S.1951 § 654. Attached to plaintiff's amended motion for new trial were the affidavits of two disinterested persons, whose independent knowledge of the matter had not been discovered until long after trial of the case.

One affiant (Dr. Florence) had his office near the hospital, and in making his regular hospital calls had traveled and observed the condition of the street at this place; he had noticed the opening (ditch) in the

street, about three feet wide and 20 feet long; the street had been in this condition 4 or 5 days before the accident, the day of the accident he had seen a car setting with the front wheels down in the ditch almost to the hub caps, and the earth in the ditch was substantially below street level; this was the same condition that had existed during the period of his observation, and particularly the day before the accident; prior to the day he observed the car stuck in the ditch, and also upon the day of the accident, he had observed men working around the opening, and there were piles of earth as well as equipment used in working around the opening.

The second affiant had been employed in a nearby store on the date of the accident, but the store had been closed after that date. On the day in question she was working when a loud noise was heard. Investigation disclosed this resulted from an automobile hitting a hole in the main traveled portion of Harvey street near the 12th street intersection. She did not see the accident, but heard the noise and observed the front bumper of the car laying upon the pavement. Prior to this occurrence she had noticed other cars going around the hole, by driving to the east of it, and there were no barriers or lights around the ditch. All during the day prior to the accident she had seen men working around this ditch in the street.

■ We thus are called upon, in the light of the matters set forth, to determine whether the trial court erred in overruling plaintiff's amended motion for new trial which presented for the court's consideration the relevancy, materiality and probable effect of the matters relied upon in such motion. The rule is that the granting of a new trial upon the ground of newly discovered evidence rests within the discretion of the trial court, whose action in overruling such motion is not to be disturbed on appeal, in the absence of an abuse of discretion. Such rule demands careful consideration of the individual case, in an effort to ascertain whether the trial court satisfactorily discharged the duty placed upon him in passing upon such motion.

In the recent case of Bates v. Winkle, 208 Okl. 199, 254 P.2d 361, we had occasion to review the action of a trial court denying a motion for new trial based upon this same subdivision, Section 7, of our statute, 12 O.S.1951 § 651. Therein we noted the requirements relative to such motions, by directing attention to prior decisions dealing with each element or requirement so enumerated.

■ Without again setting forth all the matters to be considered when passing upon a motion for new trial based upon the statute, supra, it is sufficient to direct attention to only two: (1) the newly discovered evidence must be material to the issue; and (2) this evidence must be such as will probably change the result in the event a new trial is granted.

During trial of this case defendants sought to establish that, although the street theretofore had been in the condition alleged by plaintiff, all repair work had been completed in compliance with all city ordinances and the street had been turned back to the city. Thus defendants relied solely upon the proposition that there was a complete lack of any evidence by plaintiff to show any act or omission which could constitute negligence on the date of the accident.

However, over seven months later the plaintiff, by proper motion, presented for the trial court's consideration a request for a new trial based upon newly discovered evidence of such nature, if believed by the jury, as probably would have changed the result of the trial since such testimony obviously would have supplied the deficiency in the evidence, arising from lack of testimony to establish the true condition of the street immediately prior to and on the day of the accident.

■ As pointed out in the Winkle case, supra, consideration of motions addressed to the sound legal discretion of the trial court contemplates exercise of a legal discretion, which must be exercised in discovering the course prescribed by recognized principles of law. Measured in the light of the foregoing principles it is apparent there was an abuse of sound legal

discretion when the trial court failed to recognize the substance and probable effect of the evidence relied upon as grounds for a new trial and overruled such motion.

Inasmuch as we are reversing the judgment appealed from for a new trial and, as reflected by this record, at such time plaintiff will be able to introduce additional evidence relative to defendants' alleged negligence, we reserve our ruling upon the asserted error of law arising under the assignment of error based upon the trial court's ruling upon the evidence.

Judgment reversed and cause remanded for new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.