Ted JOHNSTON and Johnnie Johnston, Jr., Plaintiffs in Error,

v.

Dillon WOODARD, J. H. Woodard and Violetta C. Woodard, husband and wife, Defendants in Error.

No. 39835.

Supreme Court of Oklahoma.

Dec. 4, 1962.

R. H. Brown, Kelsie C. Beauchamp, Jr., Duncan, for plaintiffs in error.

Walter Hubbell, Hugh F. Fitzsimons, Walters, for defendants in error.

HALLEY, Justice.

Dillon Woodard, J. H. Woodard and Violetta C. Woodard, plaintiffs below, brought this suit against Ted Johnston and Johnnie Johnston, Jr., defendants below, for a mandatory injunction. The parties will be referred to by their trial court designations.

Plaintiffs and defendants each own a tract of land separated by a line fence running north and south between the two properties. Plaintiffs own the east tract and defendants own the west tract.

Plaintiffs' petition alleged that the natural flow of water across the two tracts is in a west-southwest direction and that ordinary flood waters which fall on plaintiffs' land drain onto and across defendants' land; that defendants have maintained a dike or·bank of earth just inside defendants' east boundary line causing water to back up on some seven to ten acres of plaintiffs' land, which water stands until evaporated, thereby rendering the land unfit for cultivation; that plaintiffs have cut the dike on two occasions to permit waters to drain off, but defendants have repaired it and warned plaintiffs not to interfere with it; that plaintiffs have no adequate remedy at law and ask·for a mandatory injunction requiring defendants to remove the dike and restore the land on which it is located to its natural condition as it existed prior to the construction of the dike. Defendants answered denying all the material allegations of plaintiffs' petition, but pleaded no affirmative defenses.

Evidence presented by the parties was conflicting as to whether water would stand on plaintiffs' property prior to the erection of the dike, and as to whether there was natural drainage from plaintiffs' land onto defendants' prior to the erection of the dike. Both sides presented lay testimony as well as that of expert witnesses who were engineers concerning the elevations of the two tracts of land and the natural drainage or flow of water on them. The trial court, without objection by any party, viewed the premises and appointed the County Engineer and Surveyor to make a complete survey of the tracts involved. A sketch prepared by such expert witness showing elevations and profiles of the tracts was introduced as an exhibit, which tended to support plaintiffs' allegations. The trial court rendered judgment for plaintiffs for mandatory injunction which ordered and directed defendants to remove the levee or dike and to restore the land to the same condition as it existed prior to the dike's construction and as it existed prior to its last reconstruction or repair so as to permit the free flow of excess water from plaintiffs' land, and enjoined defendants from any such future construction. Defendants' motion for new trial was over-

ruled and they appeal. In their brief they argue four propositions for reversal.

■ One proposition is that the judgment or order of the trial court lacks definiteness. The judgment or order found that the allegations of plaintiffs' petition were true, that the natural flow of water was southwesterly across plaintiffs' land to a low place in its southwest corner then through a ditch or gulley in and upon defendants' land, and that defendants' dike stops this natural flow of water. Based on these findings the trial court made the order as summarized above. We believe the trial court's judgment or order specifies with sufficient clarity the relief granted and the order made and that it satisfies the requirements of 12 O.S.1961 §§ 681 and 701, which were cited by defendants.

■ Another of defendants' propositions is that judgment should have been rendered against plaintiffs on the grounds of laches and estoppel. Since laches or estoppel are affirmative defenses which must be pleaded and defendants failed to raise such issues in the trial court, these grounds of error are unavailable to defendants on appeal. As to laches, see Dierks Lumber & Coal Co. v. Williams, 192 Okl. 71, 134 P.2d 140. As to estoppel, see Kirk v. Kirk, 205 Okl. 482, 238 P.2d 808.

■ Defendants' next contention is that a new trial should have been granted on the ground of newly discovered evidence which was attached to their motion for new trial in the form of new witnesses' affidavits. The witnesses by their affidavits state that over the years water would accumulate and stand on plaintiffs' property, that plaintiffs' land was lower than defendants', and that no water would escape from plaintiffs' land and flow onto and over defendants'. These matters and others in the affidavits were merely cumulative or contradictory to the evidence presented at trial, and were not such as would probably change the result in the event of granting a new trial. In States Exploration Company v. Reynolds, Okl., 344 P.2d 275, wherein we discussed

Bates v. Winkle, 208 Okl. 199, 254 P.2d 361, we said:

"In the case of Bates v. Winkle, supra, this court set forth six requirements for granting a new trial based upon newly discovered evidence; (1) must have been discovered since the trial; (2) could not have been discovered before the trial by exercise of due diligence; (3) must be material to the issues; (4) must not be merely cumulative to the former evidence; (5) must not be merely to impeach or contradict the former evidence; (6) must be such as will probably change the result in the event a new trial is granted.

\* \* \* \* \* \*

"Our courts have looked with some disfavor upon granting new trials upon newly discovered evidence, and we are of the view that all of the requirements above set forth must be present in order for one to be entitled to a new trial. Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, L.R.A.1916C, 1155."

Defendants have failed to meet these requirements and therefore the trial court was correct in refusing to grant a new trial on that ground.

■ Defendants contend that there was error of the trial court and plaintiffs in failing to make one G. T. Croy a party defendant. In their motion for new trial, defendants for the first time alleged that Croy is the lessee in possession of defendants' land and that defendants have no right to enter upon the land over such lessee's objection to remove the dike. We find no error committed by the trial court in this regard for the reason that defendants' objection to a defect of parties, or an insufficient number of party defendants, comes too late. We held in the second paragraph of the syllabus of Wiggins v. Sterne, Okl., 293 P.2d 603:

"A defendant desiring to take advantage of a defect of parties defendant must promptly interpose an objec-

tion in the manner provided by law, and, failing to do so, such defect is waived and the defendant will not be permitted to speculate upon a favorable decision, and, when afterwards he is disappointed by an adverse decision, be allowed to raise such question either in a motion for new trial or in the appellate court."

Thus, finding no error committed by the trial court, we accordingly affirm the judgment.