JOHN JOHNSON *v.* WILLIAM P. BLANCHARD.

A strong preponderance of the evidence against the verdict is necessary to enable the court to set it aside on a motion for new trial upon the ground of the verdict being against evidence; and a verdict against the party upon whom the burden of proof lies, will not be set aside upon this ground, where the judge who tried the cause is not dissatisfied with it, and juries have twice before failed to agree in the cause, and two verdicts, including that sought to be set aside, have been rendered, one for the plaintiff, and the other for the defendant.

The *recollection* by a witness, and especially of a party witness, of something which he did not recollect or state when on the stand, is no such *discovery* of new and further evidence as to entitle the party to a new trial upon the ground of it.

MOTION for a new trial in an action of trespass *qu. cl.*, wherein the plaintiff complained that the defendant had broken and entered his farm in Foster, and the defendant justified by a prescriptive right of way through the plaintiff's farm as appurtenant to the Damon farm, so called, belonging to the defendant. The action was commenced in the court of common pleas, in April, 1853, and was three times submitted to a jury in that court. Twice the jury failed to agree, and on the third trial found a verdict for the defendant, to wit, that the defendant had a right of way through the plaintiff's farm, appurtenant to his own. The case was then appealed to the supreme court, and upon trial before the chief justice, sitting with a jury, a verdict was found for the plaintiff, that is, disaffirming the right of way pleaded. A motion was then made to set aside the verdict and grant a new trial, on the ground, 1st. That the verdict was against evidence under the law as charged by the court, and 2d, on the ground of newly-discovered testimony. The evidence was principally in deposition, but is not here set forth, since enough of it appears in the opinion of the court to make the decision of the matters of law raised on the motion, intelligible.

The motion was argued by *B. Cozzens*, for the motion, and by *B. F. Thurston* against it; their arguments turning principally upon the inferences to be drawn from the evidence.

*Cozzens* submitted, upon the question of what evidence of user is sufficient to warrant the finding of a way appurtenant

Johnson *v.* Blanchard.

by prescription, Angell on Limitations, pp. 397–8, 410, n. 1, 413; 3 Cruise, (Greenleaf's ed.) p. 87, sect. 9 and note; 2 Hilliard's Real Prop. p. 22, and cases cited; *Tyler* v. *Wilkinson,* 4 Mass. 402; *Campbell* v. *White,* 3 East, 294; *Cooper* v. *Smith,* 9 S. & R. 33; *Worrall* v. *Rhoads,* 2 Whart. 427; *Cook* v. *Barb,* 2 Taunt. 99; *Hill* v. *Crosby,* 2 Pick. 266; *Pierce* v. *Sellick,* 18 Conn. 321; *Hamilton* v. *White,* 4 Barb. Sup. Ct. R. 60; *Corning.* v. *Gould,* 16 Wend. 531; 3 Kent, Com. 444, and cases cited; *Palk* v. *Skinner,* 16 Eng. L. & Eq. R. 112; *Miller* v. *Garlock,* 8 Barb. Sup. Ct. R. 153.

*Thurston* cited, to point, that in order to a new trial on the ground of verdict against evidence, the court must be satisfied that the evidence clearly leads to a conclusion opposite to that expressed by the verdict. *Wait* v. *McNeil,* 7 Mass. 261; *Curtis* v. *Jackson,* 13 Ib. 507; *Hammond* v. *Wadhams,* 5 Ib. 353; *Coffin* v. *Phœnix Ins. Co.* 15 Pick. 291; *Baker* v. *Briggs,* 8 Pick. 122, 126; especially where two former juries could not agree; *Baker* v. *Briggs,* 8 Pick. 122; and the verdict was against the party upon whom was the burden of proof. *Cunningham* v. *Magoun,* 18 Pick. 13. To the ground of new and further testimony, he cited, *Potter* v. *Padelford & Co.* 3 R. I. 162; *Niles* v. *Brackett,* 15 Mass. 378; 6 Pick. 114, 116; 10 Pick. 16.

AMES, C. J. We are quite content with Blackstone's rule, that a motion for a new trial, on the ground of a verdict against the evidence, ought not to be granted "where the scales of evidence hang nearly equal; that which leans against the former verdict *ought always very strongly to preponderate.*" 3 Black. Com. 332. Upon a careful review of the evidence in this cause, we cannot say that, taken all together, it *very strongly preponderates* to prove the issue, that there was a way through the Johnson farm appurtenant to the Damon farm. The way was claimed to be proved only by user; and the defendant's title not being twenty years old, he was obliged to tack to his own user that of Arthur Damon, his immediate predecessor in the title. Unfortunately for his claim, Arthur Damon, though he used the way, swears that he never claimed any right to do so, but should have yielded his use to any objection on the part of the owners of the plaintiff's farm. If we go back of Arthur Damon, upon the

ground that he might, though ignorant of its existence, transmit from his predecessors to his successor in the title, the right now claimed by the defendant, we find no very strongly preponderating evidence to prove the issue made.　The evidence tended to prove rather, that in that region, and in early days, every one went everywhere, and so along the path in question, whenever he pleased, and without objection, rather than that the owners of the Damon farm used the path, claiming the right to use it as appurtenant to that farm.　We cannot say that the jury might not fairly conclude upon the proof, as well, that by *neighborly sufferance* the owners of the Damon farm used *this* way, as any of the other ways through adjoining farms once used by them, and to which no claim of right to use is now made.　The proof was fully discussed before the jury, and fairly left to them.　Looking at the matter in issue, I should not have been dissatisfied with a verdict either way ; and, as well from the state of my own mind when presiding at the trial, as from the fact that juries have twice failed to agree in this cause, and have once brought in a verdict for the plaintiff and once for the defendant, am led to conclude, that the defendant, upon whom was the burden of proof, failed to make out his case in matter of fact, as clearly as he should do, to entitle him, or at all events to disentitle the plaintiff, to a verdict.

The other ground for a new trial, to wit, the discovery of new and further testimony, is not supported.　The testimony is not "new and further," but cumulative merely; nor has it been *discovered* since the trial, in any proper sense of that term. The defendant, now permitted by law to be a witness, merely swears that he recollects something which he did not recollect, when on the witness-stand.　*Recollection* is not *discovery.* The former deals with the known, the latter with the unknown ; and if the forgetfulness of a witness, and especially of a party-witness, were to afford a ground for new trial, it would be quite too convenient and tempting in many ways, to be consistent with the purposes of justice.

*Motion denied with costs.*