**STATE**

v.

**Michael B. CHAMPION.**

**No. 2004–151–C.A.**

Supreme Court of Rhode Island.

April 11, 2005.

Christopher R. Bush, Esq., for Plaintiff.

Paula Rosin, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The defendant, Michael B. Champion (defendant), appeals from a motion for new trial that was denied after a jury found him guilty of one count of simple assault pursuant to G.L.1956 § 11–5–3. Although the trial justice denied the defendant's motion on procedural grounds, she noted that she would have denied the motion on its merits if it had been filed properly.

Oral argument was held in this Court on March 8, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. For the reasons stated here, we affirm the Superior Court's denial of defendant's motion for new trial.

### I

### Facts and Travel

Around 2:30 on the morning of July 6, 2002, Danyl Matteson (Matteson) placed a frantic 911 call to the Pawtucket police

reporting that defendant—her former boyfriend and father of her two-year-old daughter—had assaulted her. When the police arrived to meet Matteson at the pay phone near defendant's apartment, Matteson repeated the story that she had told the dispatcher; a story she later reiterated in a written witness statement. She testified at trial that defendant arrived home from a club shortly after 2 a.m. with his good friend, Gloria Hill (Hill), who lived in the same apartment building. According to her earlier statements, Matteson and defendant began arguing and he shoved her. Her purse was then thrown into the hall as she tried to leave with her baby, and a piece of cardboard fell out. The defendant grabbed the cardboard and shoved it against Matteson's mouth, giving her a fat lip. When the police arrived at the apartment building, they found defendant in his underwear at Hill's apartment; he was arrested without incident.

A few days after defendant's arrest, a caseworker from the Department of Children, Youth and Families contacted Matteson, and she again reported the same series of events. A few weeks later, however, after learning that defendant was facing time in jail, Matteson's story suddenly changed. In an effort to recant her earlier version of the events, Matteson spoke with the prosecutor for the City of Pawtucket and tried, unsuccessfully, to file a statement with the Pawtucket police. She eventually wrote a letter that she had a store clerk notarize and gave that to defendant for his attorney. According to Matteson's later rendition of the events, she was angry with defendant on the night of the alleged incident and made up the story to get back at him for a fight they had earlier in the evening.

At trial, the prosecutor called Matteson and two of the officers who had responded to Champion's apartment on July 6, 2003. One of the police officers testified about what Matteson had told him on the night of the incident. When she testified, however, Matteson stuck with her more recent story and testified that she had not been assaulted that night. However, Matteson's answers became evasive when she was asked when she decided to tell the police about her lie. The defendant called only Hill to testify; she stated that defendant had followed her to her apartment upon returning home from the club and did not have the opportunity to assault Matteson. The jury rendered a guilty verdict on March 11, 2003.

After dismissing the jury, the trial justice scheduled a hearing for any potential motions for new trial.[1] When the parties reconvened in early April, the trial justice notified defense counsel that she had not received a motion for new trial. Defense counsel then filed an affidavit stating that on March 26, 2003, he personally delivered a copy of the motion to the trial justice's secretary,[2] filed a copy of the motion with the Superior Court clerk's office, and sent a copy to the prosecutor. Inexplicably, no copies were found at the clerk's office, in the trial justice's chambers or with the prosecutor. Defense counsel was unsuccessful in his attempts to find proof of the filing. Accordingly, he filed a new copy of

---

1. The post-trial hearing originally was scheduled for April 4, 2003, but later was moved to April 9, 2003, due to scheduling conflicts. The defendant, who later explained that he was unaware of the hearing, did not appear; therefore, the matter was continued to the following day, April 10, 2003.

2. The trial justice was out of town on the date defense counsel claims to have filed the motion.

the motion with his affidavit on April 30, 2003.

A hearing on defendant's motion for new trial was held on May 16, 2003. The trial justice addressed the procedural deficiency first, noting that:

"it is somewhat difficult to believe, notwithstanding [defense counsel's] affidavit, that the original motion [defense counsel] certifies he filed with the Clerk's office on March 26, 2003, as well as the hand delivered copy of that motion that is certified he delivered to me via the Court's Secretary office on the same date, as well as the copy sent in some unspecified way to [the prosecutor] on that date all were not received by any of the intended recipients."

She concluded that "[t]he defendant * * * has failed to satisfy this Court, based on that record, as well as the statements in his affidavit, that the motion was indeed timely filed in accordance with Rule 33 [of the Superior Court Rules of Criminal Procedure]."

The motion justice then turned to the merits of the case. She concluded that Matteson's "recantation * * * was not in this Court's judgment or that of the jury's an indication that she lied about the assault in her oral statement, but rather the product of her desire, after the fact, to try to help the defendant to avoid jail." Furthermore, she found that additional evidence presented at trial corroborated Matteson's original story.

After his motion was denied, defendant appealed to this Court pursuant to Article I, Rule 4(b) of the Supreme Court Rules of Appellate Procedure. Having carefully considered the record before us, we affirm the trial justice's denial of defendant's motion for new trial on procedural grounds.

## II

### Motion for New Trial

■ Rule 33 of the Superior Court Rules of Criminal Procedure provides:

"On motion of the defendant the court may grant a new trial to the defendant if required in the interest of justice. * * * A motion for a new trial based on newly discovered evidence may be made only within three (3) years after the entry of judgment by the court * * *. A motion for a new trial based on any other grounds shall be made within ten (10) days after the verdict or finding of guilty or within such further time as the court may fix during the ten-day period. A copy of the motion for a new trial shall be filed with the trial justice contemporaneously with its filing with the clerk of the court."

The time limit set forth in Rule 33 is jurisdictional and cannot be waived. *State v. Heath,* 665 A.2d 1336, 1337 (R.I.1995); *see also State v. Rodriguez,* 742 A.2d 728, 733 (R.I.1999).

■ Before considering defendant's procedural argument—that there was sufficient proof the motion for new trial was filed on March 26, 2003—we pause to consider the timing of defendant's motion, even assuming that his representation regarding the timeline is correct. The jury returned its verdict on March 11, 2003. According to defense counsel's affidavit, he filed the motion for new trial with the court clerk, left a copy with the trial justice's secretary, and mailed a copy of the motion to the prosecutor on March 26, 2003. The defendant apparently assumes that by scheduling the first hearing after trial for April 4, "for any motion for new trial that may be filed," he had until April 4 to file the motion. However, Rule 33 clearly requires that a motion for new trial be filed within ten days of the verdict or

"such further time as the court may fix during the ten-day period." We are not satisfied that the trial justice's comment regarding scheduling would qualify as a valid extension under Rule 33. Thus, even assuming the court secretary, the court clerk and the prosecutor all misplaced their copies of defendant's motion for new trial and that it actually was filed on March 26, 2003, as defendant claims, it is still fifteen days after the jury rendered its verdict. The motion for new trial clearly was filed beyond the ten days following the jury's verdict, as required under Rule 33 and, thus, was not properly before the trial court.

 Notwithstanding the possibility that defendant's premise that he was granted an extension to file his motion for new trial until April 4, 2003, was correct, we conclude, as the trial justice did, that the record does not support a finding that the motion actually was filed on March 26, 2003. Although the trial justice did not expressly state she thought defense counsel was being less than truthful, it is clear from the record below that the trial justice considered all the evidence before her and simply did not believe that the motion had been filed when defendant alleged. She stated unequivocally that "defendant * * * based on the status of the Court record, has failed to satisfy this court, based on the record, as well as statements in his affidavit, that the motion was indeed timely filed in accordance with Rule 33." Before making her decision the trial justice noted that the court clerk, the court secretary, and the prosecutor all failed to receive a copy of the motion on March 26, 2003, and that defendant supplied no proof, other than his own affidavit, that the motion was filed. We affirm the trial justice's denial of defendant's motion for new trial on procedural grounds because it is clear that she applied the appropriate standards, considered all the relevant evidence, and came to the correct conclusion.

Despite her ruling on procedural grounds, the trial justice went on to consider the defendant's motion on its merits. Because we affirm the judgment of the Superior Court on procedural grounds, we need not consider the merits of this case, and decline to do so now.

### Conclusion

For the reasons stated here, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.