STATE

v.

Keith SCHLOESSER.

No. 2006–257–C.A.

Supreme Court of Rhode Island.

Dec. 7, 2007.

Lauren S. Zurier, Esq., Providence, for Plaintiff.

Christopher S. Gontarz, Esq., Middletown, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

The defendant, Keith Schloesser, appeals from a judgment of conviction on three counts of first-degree child molestation and one count of second-degree child molestation for the sexual assault of his son, whom we shall refer to as Jason, a fictitious name. The defendant argues that the trial justice erred in denying his motion for a new trial. Contending that the jury verdict was against the weight of the evidence presented at trial and failed to do substantial justice, the defendant maintains that the trial justice improperly analyzed the evidence in deciding the motion for a new trial. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that the trial justice appropriately discharged his responsibilities in considering the motion for a new trial. Accordingly, we affirm the judgment of conviction.

### Facts and Procedural History

The defendant was charged with four counts of molestation committed on three separate occasions over a two-year period. The state presented only two witnesses at trial, Jason and Christine Barron, M.D., a forensic pediatrician. We report the pertinent facts as recounted by Jason in his testimony.

Jason testified that the first incident of sexual abuse occurred when he was nine years old. He said that defendant called him into the living room, demanded that he take off his clothes, and threatened to kill his mother if he told anyone. Standing in front of Jason, defendant began to rub Jason's penis. Jason testified that defen-

dant then moved to stand behind him and "[h]e stuck his penis up my butt." Jason described his body posture as "[s]lightly hunched over" and said he could not see defendant, but he remembered defendant grabbing Jason's shoulders. Jason, who was fourteen years old and five feet six inches tall at the time of trial, could not say how tall he was at the time of the incident. Jason testified that similar acts of sexual abuse occurred once or twice a week for the next two years, but he recounted only two such similar incidents-one when he was ten years old and the other in May 2003.

Doctor Barron, the director of the Child Protection Program at Hasbro Children's Hospital, testified as a pediatric forensic expert. She testified that a staff physician with the Child Protection Program at Hasbro Children's Hospital examined Jason in June 2004 using a colposcope to magnify and document any trauma to Jason's genitals. The examination showed that Jason had a flattening of the bumps around the anus, called "rugae," and two scars on his anus. Although the medical examination could not determine when or how the abuse occurred, the examination was consistent with a history of chronic anal penetration and trauma.

On April 28, 2006, the jury returned verdicts of guilty on three counts of first-degree child molestation and one count of second-degree child molestation. The defendant's motion for a new trial was denied on June 26, 2006, and on July 21, 2006, the trial justice sentenced defendant to forty years on each first-degree child molestation charge, with twenty years to serve, and thirty years on the second-degree child molestation charge, with ten years to serve, the sentences to be served concurrently. The defendant filed his appeal on

July 24, 2006.[1]

## Standard of Review

■ The responsibility of a trial justice in considering a motion for a new trial is well known. "In ruling on a motion for a new trial, 'the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence.'" *State v. Hallenbeck,* 878 A.2d 992, 1011 (R.I. 2005) (quoting *State v. Lynch,* 854 A.2d 1022, 1046 (R.I.2004)). "In fulfilling this role, the trial justice must (1) consider the evidence in light of the jury charge, (2) independently assess the credibility of the witnesses and the weight of the evidence, and then (3) determine whether he or she would have reached a result different from that reached by the jury." *State v. Morales,* 895 A.2d 114, 121 (R.I.2006) (citing *State v. Banach,* 648 A.2d 1363, 1367 (R.I. 1994)). "If, after conducting this independent review, the trial justice agrees with the jury's verdict or if the evidence is such that reasonable minds could differ as to the outcome, the motion for a new trial should be denied." *State v. Gomez,* 848 A.2d 221, 234 (R.I.2004) (quoting *State v. Otero,* 788 A.2d 469, 472 (R.I.2002)).

■ On review, we afford substantial deference to the ruling of the trial justice, "the man [or woman] in the arena."[2] "Provided that the trial justice has 'articulated an adequate rationale for denying a motion,' a trial justice's ruling on a new trial motion is entitled to great weight." *Lynch,* 854 A.2d at 1046 (quoting *State v. Rieger,* 763 A.2d 997, 1002 (R.I.2001)). "A

trial justice's ruling on a new-trial motion will not be overturned unless the trial justice was clearly wrong or unless he or she overlooked or misconceived material and relevant evidence that related to a critical issue in the case." *Id.* (quoting *State v. Bolduc,* 822 A.2d 184, 187 (R.I.2003)).

## Discussion

■ On appeal, defendant argues that the trial justice was deficient in performing his function of assessing the credibility and weight of the material evidence and then determining the proper inferences that may be drawn therefrom. Specifically, he contends the trial justice failed to consider the "physical impossibility" of the penetration occurring while both defendant and his nine-year-old son were in a standing position. The defendant also asserts that the fact that neither Jason nor his mother ever detected any blood in the boy's underwear seriously undermines Jason's credibility. Moreover, defendant argues that the medical evidence was ambiguous in that a physical examination of Jason in June 2003, shortly after the alleged acts of sexual molestation had ended, revealed no evidence of penetration. These inconsistencies, coupled with Jason's numerous memory lapses, defendant says, strongly indicate that the trial justice did not undertake the independent analysis of evidence required in deciding a motion for a new trial. *See State v. Luanglath,* 749 A.2d 1, 4 (R.I. 2000).

In exercising our appellate role, we have carefully examined the trial justice's ruling

---

1.  Although a judgment of conviction was not entered until November 5, 2007, we treat defendant's appeal as timely. *Alessio v. State,* 924 A.2d 751, 752 n. 1 (R.I.2007).

2.  "It is not the critic who counts; not the man who points out how the strong man stumbles, or where the doer of deeds could

have done them better. The credit belongs to the man in the arena, whose face is marred by dust and sweat and blood * * *." Theodore Roosevelt in a speech entitled "Citizenship in a Republic" delivered at the Sorbonne in Paris, France on April 23, 1910.

and are well-satisfied that he performed his duties appropriately. The trial justice summarized the evidence presented and found that "the State has produced sufficient evidence" to prove defendant's guilt. He considered Jason's emotional problems and learning difficulties, and said "[t]he fact that [Jason] might have, on various occasions, said 'I don't remember,' I think, is still somewhat consistent with a person who is still of tender years and who may have had some learning disabilities at various points in his life." The trial justice also discussed Jason's credibility, stating that Jason was being "forthright with the Court when he described the incidents in question." [3] Significantly, the trial justice found the medical evidence to be consistent with a "past history of repeated anal penetration," noting that the first physical examination was cursory but that the second examination used a colposcope. The trial justice said that with the testimony of Jason and Dr. Barron, "the State presented two very credible witnesses in support of its position." After reviewing the evidence in light of the instructions given to the jury, the trial justice concluded by finding that "the controversy presented to the jury for its determination was one which reasonable minds couldn't differ as to the conclusion that it would reach. And as a further point, the [c]ourt adds that it would not have differed in any way from what the jury returned as a verdict."

Although the trial justice did not specifically address the defendant's argument that it was physically impossible for the acts of penetration to occur as Jason testified, such an omission is not fatal. We first note, as did the trial justice, that Jason testified he could not see the defendant, who was behind Jason. Secondly, the record is devoid of any expert testimony suggesting that it would have been physically impossible for the acts to have occurred as Jason testified. Both the jury and the trial justice had the opportunity to observe the disparity in size between Jason and the defendant, and both apparently concluded that the physical act was indeed possible. Further, as the trial justice noted, Jason's testimony "is almost certainly verified by the medical reports. It showed just the type of injury to the complaining witness that would have resulted from the behavior that was described by him." We are satisfied that the trial justice articulated an adequate rationale for denying the motion for a new trial.

### Conclusion

We are of the opinion the trial justice neither overlooked nor misconceived material evidence, nor was he clearly wrong. Accordingly, we affirm the judgment of conviction and return the papers to the Superior Court.

---

**3.** "One of the functions of a trial justice in passing upon a motion for a new trial is to exercise 'independent judgment on the credibility of witnesses * * *.'" *State v. Morales,* 895 A.2d 114, 122 n. 5 (R.I.2006) (quoting *State v. Banach,* 648 A.2d 1363, 1367 (R.I. 1994)).