November 2, 2020

**Supreme Court**

No. 2019-112-C.A.
(P1/14-1880A)

State                                  :

v.                                  :

Curtis Maxie.                                  :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State              :

v.              :

Curtis Maxie.        :

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The defendant, Curtis Maxie, appeals from the denial of his motion for a new trial. The defendant maintains that the trial justice erred by denying his second motion for a new trial and in finding that he had failed to present newly discovered evidence that would have entitled him to a new trial. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

- 1 -

# I

## Facts and Travel

The underlying facts in this case are set out in *State v. Maxie*, 187 A.3d 330 (R.I. 2018), in which this Court vacated defendant's conviction for sex trafficking of a minor in violation of G.L. 1956 § 11-67-6 and conspiring to do so,[1] and affirmed defendant's conviction for three counts of first-degree sexual assault. *Maxie*, 187 A.3d at 331. At trial, the complaining witness, Emily,[2] testified over the course of three days regarding the events that allegedly took place in defendant's apartment in April 2014.[3]

On June 18, 2014, a grand jury indicted defendant on three counts of first-degree sexual assault, counts 1, 2, and 3; one count of sex trafficking of a minor, count 4; and one count of conspiracy to commit the crime of sex trafficking of a minor, count 6. The defendant was then served with an habitual offender notice.

On November 18, 2015, defendant filed a motion to dismiss count 4 on the basis that the statute under which defendant was charged was defective. The

---

[1] This Court found that G.L. 1956 § 11-67-6 was fatally defective by the absence of language setting forth a crime; at the time the issue initially reached this Court, chapter 67 of title 11 of the general laws had been repealed by the Legislature. *State v. Maxie*, 187 A.3d 330, 331 (R.I. 2018); *see* P.L. 2017, ch. 232, § 1 (July 18, 2017); P.L. 2017, ch. 260, § 1 (July 19, 2017).

[2] We use a pseudonym to protect the privacy of the minor victim.

[3] For purposes of this opinion, a precise recitation of the sordid details of the acts allegedly committed by defendant is not necessary. Although the testimony was extensive, we do not deem it vital to delve into the details at this juncture.

defendant later moved to dismiss count 6 on the same basis. These motions were denied by the trial justice, and the case proceeded to trial.

On April 20, 2016, defendant was found guilty by the jury on all counts. On May 2, 2016, defendant filed a motion for a new trial, and argued at the hearing on the motion again that, as to counts 4 and 6, the statute under which he was convicted was defective. The trial justice denied the motion.

On the first-degree sexual assault convictions, defendant was sentenced to three concurrent terms of forty-five years to serve at the Adult Correctional Institutions; on the sex trafficking conviction, defendant was sentenced to serve forty years at the ACI, to run consecutively; on the conspiracy conviction, defendant was sentenced to serve ten years at the ACI, to run concurrently with the sex-trafficking sentence but consecutively to the sexual assault sentences; and, as an habitual offender, defendant was sentenced to an additional fifteen years to serve at the ACI, consecutively to the other sentences. A judgment of conviction entered on September 13, 2016.

The defendant appealed his conviction to this Court. On appeal, defendant argued that the trial justice erred in denying his motion to dismiss as to counts 4 and 6 of the indictment. *Maxie*, 187 A.3d at 336. We agreed with defendant and vacated his conviction as to counts 4 and 6; we also affirmed the judgment of conviction in all other respects. *Id.* at 341, 344.

- 3 -

On June 30, 2018, defendant filed a second motion for a new trial. The defendant believed that the vacatur of his convictions on count 4 and count 6 constituted newly available evidence, allowing him to file this motion. The defendant argued that, because counts 4 and 6 did not constitute crimes, the jury was improperly instructed to hear evidence regarding those counts. Thus, defendant asserted that the evidence that was admitted as to those counts was so prejudicial that defendant did not receive a fair trial on the sexual assault counts.

The trial justice determined that all of the evidence regarding "how [Emily] got to Mr. Maxie's apartment, the circumstances surrounding her appearance in his apartment, all of that background information * * * is factually connected to all of it." Further, the trial justice decided that these surrounding facts went to the element of force or coercion as to the sexual assault counts. Thus, the trial justice denied defendant's second motion for a new trial. The defendant then filed a timely notice of appeal.

## II

### Standard of Review

"When passing on a motion for [a] new trial, 'the trial justice acts as a thirteenth juror and exercises independent judgment on the credibility of witnesses and on the weight of the evidence.'" *State v. Cerda*, 957 A.2d 382, 385 (R.I. 2008) (quoting *State v. Bergevine*, 942 A.2d 974, 981 (R.I. 2008)). "The trial justice must

(1) consider the evidence in light of the jury charge, (2) independently assess the credibility of the witnesses and the weight of the evidence, and then (3) determine whether he or she would have reached a result different from that reached by the jury." *State v. Rivera*, 987 A.2d 887, 902 (R.I. 2010) (brackets omitted) (quoting *State v. Schloesser*, 940 A.2d 637, 639 (R.I. 2007)). "Because a trial justice, when deciding a motion for a new trial, is in an especially good position to evaluate the facts and to judge the credibility of the witnesses, on appeal, this Court's review is deferential." *State v. McDonald*, 157 A.3d 1080, 1089 (R.I. 2017) (quoting *State v. Watkins*, 92 A.3d 172, 191 (R.I. 2014)). Thus, this Court "will not overturn the trial justice's decision absent an indication that he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong." *State v. Drew*, 79 A.3d 32, 37 (R.I. 2013) (quoting *State v. Price*, 66 A.3d 406, 418 (R.I. 2013)).

**III**

**Discussion**

Generally, a motion for a new trial must be made within ten days after a verdict or guilty finding. Super. R. Crim. P. 33. However, a motion for a new trial based on newly discovered evidence can be made "within three (3) years after the entry of judgment by the court[.]" *Id.* "The time limit set forth in Rule 33 is jurisdictional and cannot be waived." *State v. Champion*, 873 A.2d 92, 94 (R.I. 2005).

When trial courts consider a motion for a new trial based on newly discovered evidence pursuant to Rule 33, they utilize a two-pronged test. *Drew*, 79 A.3d at 38.

> "The first prong encompasses a four-part inquiry, requiring that the evidence is (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial." *Id.* (quoting *Price*, 66 A.3d at 417).

If the first prong is satisfied, the trial justice then turns to the second prong and "determine[s] if the evidence presented is credible enough to warrant a new trial." *Id.* (quoting *Price*, 66 A.3d at 417).

**A**

**Timeliness of the Motion for a New Trial**

The defendant was found guilty by the jury on April 20, 2016, and the judgment of conviction entered on September 13, 2016. The defendant filed the motion at issue here on June 30, 2018. Thus, this motion for a new trial was only timely filed if it was based on newly discovered evidence. *See* Super. R. Crim. P. 33. The defendant argues that our holding in *Maxie*—vacating his conviction on counts 4 and 6—constitutes newly discovered evidence.

This Court now addresses, for the first time, whether or not the vacating of a conviction on other counts of an indictment constitutes "evidence" for the purpose of newly discovered evidence under Rule 33 of the Superior Court Rules of Criminal

Procedure. When faced with this question, other courts have determined that a disposition on direct appeal is not "new evidence" justifying a new trial. *See, e.g.*, *United States v. Hough*, 276 F.3d 884, 899 (6th Cir. 2002) (finding that "[t]his argument cannot be seriously entertained. It is patently absurd to regard disposition on direct appeal as 'new evidence' that would justify a new trial"); *see also United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) (finding that a change in the law does not constitute newly discovered evidence for purposes of Rule 33); *State v. Gatcomb*, 478 A.2d 1129, 1130 (Me. 1984) (adopting a strict definition of "newly discovered evidence" as evidence solely "which bears on the guilt or innocence of the accused").

Generally, "evidence" is defined as "[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact[.]" Black's Law Dictionary 697 (11th ed. 2019). This Court has addressed a variety of evidence regarded as the kind that may justify a new trial if newly discovered. *See State v. Messa*, 593 A.2d 957, 959-60 (R.I. 1991) (testimony of a witness who allegedly heard the complaining witnesses discussing faking the crime of which the defendant was accused was newly discovered evidence that necessitated the granting of the motion for a new trial); *see also Putnam v. MacLeod*, 23 R.I. 373, 378, 50 A. 646, 647 (1901) (relying solely on "transactions which have taken place since the trial of the case, tending to show a compromise and settlement

of the matter in litigation" was not newly discovered evidence); *Johnson v. Blanchard*, 5 R.I. 24, 26 (1857) (concluding that a post-trial recollection by a trial witness is not a discovery of new evidence).

The defendant has been unable to direct us to any case wherein we, or any other court, have regarded a disposition on direct appeal as "new evidence" under Rule 33; we decline to do so now. Dispositions on direct appeal are unlike the types of evidence we have considered to be newly discovered under Rule 33. Our prior decision in *Maxie* did not uncover facts or circumstances regarding the guilt or innocence of the defendant as to counts 1, 2, and 3 of the indictment. *See Gatcomb*, 478 A.2d at 1130. This "evidence" of a disposition on direct appeal is not of the kind that would bring those facts within the purview of Rule 33 as "newly discovered evidence." Therefore, this motion for a new trial was filed outside of the ten-day time limit set forth in Rule 33, which cannot be waived. *See Champion*, 873 A.2d at 94. Accordingly, we affirm the order denying the defendant's second motion for a new trial.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.



### STATE OF RHODE ISLAND

### SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

### OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Curtis Maxie. |
| **Case Number** | No. 2019-112-C.A.<br>(P1/14-1880A) |
| **Date Opinion Filed** | November 2, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For State:<br><br>Owen Murphy<br>Department of Attorney General<br>For Defendant:<br><br>George J. West, Esq. |