**Supreme Court**
No. 2025-5-C.A.
(P1/18-1289A)

State                          :

v.                           :

Victor Tavares.                    :

# O R D E R

This case came before the Supreme Court on appeal by the defendant, Victor Tavares (defendant or Tavares), from an order of the Superior Court denying his motion for a new trial. Having reviewed the parties' arguments, we conclude that cause has not been shown and proceed to decide the appeal at this time. We affirm. The facts underlying Tavares's conviction are set forth more fully in *State v. Tavares*, 312 A.3d 449 (R.I. 2024). Because the issue before this Court is identical to an issue discussed in *Tavares*, we begin with the defendant's direct appeal.

Tavares was convicted on two counts of first-degree sexual assault and on one count of conspiracy to commit first-degree sexual assault. *See Tavares*, 312 A.3d at 457. On the first-degree sexual assault convictions, defendant was sentenced to forty years at the Adult Correctional Institutions, with thirty years to serve, and on the conviction for conspiracy to commit first-degree sexual assault,

he was sentenced to ten years suspended, all sentences to be served concurrently. *Id.*

On the direct appeal, Tavares raised twelve issues; most notably for purposes of this appeal, he contended "that the trial justice erred and should have granted a new trial due to the state's failure to comply with Rule 16(a)(6) of the Superior Court Rules of Criminal Procedure."[1] *Tavares*, 312 A.3d at 457, 458. As we previously explained, Tavares argued "that during discovery, the state provided a list of approximately thirty expected witnesses, yet at the conclusion of the state's case, only seven witnesses testified." *Id.* at 458. Such conduct, Tavares alleged, was "inconsistent with our holding in *State v. Verlaque*, 465 A.2d 207 (R.I. 1983)." *Id.*

We rejected defendant's claim of error for two reasons. First, we expressed that "[a]t no point during the trial did Tavares raise this issue with sufficient particularity, nor d[id] Tavares point to any such ruling by the trial justice prior to the decision on the * * * motion for a new trial * * *." *Tavares*, 312 A.3d at 459. In reaching this conclusion, we observed that "there is no dispute that the Rule 16 issue

---

[1] In *State v. Tavares*, 312 A.3d 449 (R.I. 2024), we noted that "[b]ased on our review and the context of Tavares's arguments, it appears Tavares intended to reference Rule 16(a)(7) [of the Superior Court Rules of Criminal Procedure], which provides that, upon a written request by a defendant, the state shall permit the defendant to inspect, listen, copy, or photograph 'a written list of the names and addresses of all persons whom the attorney for the State expects to call as witnesses at the trial in support of the State's direct case.'" *Tavares*, 312 A.3d at 458 n.6 (brackets omitted) (quoting Super. R. Crim. P. 16(a)(7)).

was not raised until post-verdict during a motion for a new trial * * *." *Id.* at 459 n.7. Accordingly, we declared that "this issue [was] not preserved for our consideration and [was] waived." *Id.* at 459. Second, we stated that "[n]otwithstanding the foregoing, this allegation has no merit." *Id.* at 460 n.8. In so doing, we indicated that *State v. Oster*, 922 A.2d 151 (R.I. 2007), distinguished *Verlaque*, and we referred to the state's right to reserve calling "certain witnesses based on the possibility that certain 'unforeseen circumstances' may occur as 'entirely valid.'"[2] *Id.* (quoting *Oster*, 922 A.2d at 165). After rejecting Tavares's other appellate issues, we affirmed the conviction. *Id.* at 474.

---

[2] The facts of this case markedly differ from the facts in *State v. Verlaque*, 465 A.2d 207 (R.I. 1983). In *Verlaque*, the state provided a list of fifty-three potential witnesses *on the day after the court began hearing pretrial motions* and indicated that the witnesses' names had been extracted from discovery material previously provided to the defendant. *See Verlaque*, 465 A.2d at 212. The defendant's motion for a continuance to examine the witness list, which included thirty-five names not previously recognized, was denied. *Id.* at 212-13. The defendant also sought summaries for the potential witnesses, which had not been previously provided, and in the absence of the state's so doing, he requested that the trial justice preclude the witness(es) from testifying. *Id.* The trial justice denied the requested relief, and during trial additional witness statements not previously provided were also disclosed to the defense. *Id.* at 213. This Court vacated the conviction, explaining that "[d]efense counsel, at the last minute, had to determine who of the fifty-three witnesses listed would testify and prepare to cross-examine them" and that "[i]t is difficult for us to believe that an experienced prosecutor would not know *the day before trial* who would testify for the state." *Id.* at 213-14 (emphasis added). In contrast, here, defendant acknowledged that "during the discovery phase of trial the state provided a list of expected witnesses and Mr. Tavares prepared for each witness because the state had fulfilled its obligation so that he could prepare a rigorous defense." *Tavares*, 312 A.3d at 459-60 n.8 (brackets omitted). This case bears no resemblance to *Verlaque*.

Thereafter, on July 9, 2024, defendant filed another motion for a new trial, the denial of which is before this Court *sub judice*. In support, Tavares recognized that the Rule 16(a)(7) issue was not properly before this Court in the direct appeal, *see supra*, and he once again suggested that the state's conduct was analogous to *Verlaque*. The trial justice rejected these arguments and concluded that, pursuant to Rule 33 of the Superior Court Rules of Criminal Procedure, the motion for a new trial was not brought in a timely manner, and, moreover, the Rule 16(a)(7) issue was not raised until post-verdict and, therefore, was waived. We agree.

Rule 33 provides that:

> "On motion of the defendant the court may grant a new trial to the defendant if required in the interest of justice. * * * A motion for a new trial based on newly discovered evidence may be made only within three (3) years after the entry of judgment by the court * * *. *A motion for a new trial based on any other grounds shall be made within ten (10) days after the verdict or finding of guilty or within such further time as the court may fix during the ten-day period*." (Emphasis added.)

Here, on September 30, 2021, Tavares was found guilty on the sexual assault and conspiracy charges. Although Tavares suggests that there is no time limit to file a motion for a new trial that is based upon "the interest of justice," this Court has rejected that view and recognized that, unless based on newly discovered evidence, "Rule 33 clearly requires that a motion for new trial be filed within ten days of the verdict or 'such further time as the court may fix during the ten-day period.'" *State*

*v. Champion*, 873 A.2d 92, 94-95 (R.I. 2005) (quoting Super. R. Crim. P. 33). Because the motion for a new trial was not based upon newly discovered evidence and was filed on July 9, 2024—well beyond the ten days permitted by Rule 33—the motion for a new trial was not properly before the Superior Court, nor is it properly before this Court.

Additionally, as this Court observed, "there is no dispute that the Rule 16 issue was not raised until post-verdict during a motion for a new trial and, therefore * * * was not timely raised."[3] *Tavares*, 312 A.3d at 459 n.7. "[A]n issue that was not raised during trial 'cannot belatedly be asserted during the motion for a new trial.'" *State v. Vose*, 287 A.3d 997, 1007 (R.I. 2023) (quoting *State v. Albanese*, 970 A.2d 1215, 1222 (R.I. 2009)). Because Tavares never raised the Rule 16(a)(7) issue until the motion for a new trial, we again conclude that "it was not properly preserved, and we decline to address it here." *Id.* Based upon our rejection of the propriety of this appeal, we need not consider whether collateral estoppel precludes our consideration of the Rule 16(a)(7) issue.

For the reasons stated, we affirm the order of the Superior Court. The papers in this case are remanded to the Superior Court.

---

[3] On appeal, Tavares contends that the Rule 16(a)(7) issue was initially raised during the motion for judgment of acquittal. Our review reveals Tavares is incorrect.

Entered as an Order of this Court this __9th__ day of __December__, 2025.

By Order,

_/s/ Meredith A. Benoit_____

Clerk



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | State v. Victor Tavares. | |
| **Case Number** | No. 2025-5-C.A. (P1/18-1289A) | |
| **Date Order Filed** | December 9, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph A. Montalbano | |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General | |
| | For Defendant:<br><br>Victor A. Tavares, *pro se* | |